## BENDER et al. v. CRUCIBLE STEEL CO. OF AMERICA et al.

### No. 9483.

United States Court of Appeals Third Circuit.

Argued March 19, 1948.

Reargued Oct. 8, 1948.

Decided Oct. 27, 1948.

James A. Wright, of Pittsburgh, Pa., for appellants.

John C. Bane, Jr., of Pittsburgh, Pa., for appellees.

Before BIGGS, Chief Judge, and O'CONNELL and KALODNER, Circuit Judges.

PER CURIAM.

The instant complaint originally involved the claim of thirty employees of defendant for overtime pay, liquidated damages, and attorneys' fees under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b).

Defendant admitted that plaintiffs worked in excess of the specified maximum number of hours, but alleged that plaintiffs were employed in a bona fide executive capacity, and hence were exempt from the overtime provisions of the Act. The case was tried to the court below without a jury. At the conclusion thereof, the court below, rendering judgment for defendant, filed an accompanying discussion and findings which treated plaintiffs as a group rather than individually.

Of the original thirty plaintiffs, but seven have perfected this appeal. These plaintiffs contend, and defendant concedes, that (a) the burden of proving their employment in a bona fide executive capacity under the Act lay with defendant, and (b) to invoke this exemption, defendant had to bring each plaintiff within all six standards set forth in the "Stein Report," 3 C.C. H. Labor Law Rep., Par. 23,302(1948). Argument and reargument in this court were devoted to whether or not defendant did meet this burden, particularly with reference to the fifth and sixth tests, i. e., "(E) who is compensated for his services on a salary basis at not less than $30.00 per week (exclusive of board, lodging, or other facilities), and (F) whose hours of work of the same nature as that performed by nonexempt employees do not exceed twenty percent of the number of hours worked in the workweek by the nonexempt employees under his direction, * * *" and the relationship between the above-quoted fifth test and the November 27, 1940, Wage and Hour ruling set forth in the footnote below.[1]

As may be readily perceived, the large number of plaintiffs, multiplied by the six

[1] "Employees, who are guaranteed $30 a week and whose compensation in excess of $30 a week is measured by the number of hours worked in excess of a certain number, can qualify to meet the salary requirements of the Regulations prescribed for executive employees provided the salary guarantee of $30 is bona fide." 3 C. C. H. Labor Law Rep. Par. 25,210.123(1948).

standards applicable to each, had resulted in a prolixity of factual questions and a necessarily complex record. It would be bootless to review the evidence in detail. Suffice it to say that, after hearing two extensive arguments, we are convinced that the ends of justice can here best be served by vacating the judgment and remanding the cause for relitigation of the merits of the claims made by these seven appellants. Omissions in the record and critical questions which have come into focus only as a result of clarification of the position of the respective litigants can be fairly resolved only by giving the district judge an opportunity to determine them on the basis of adequate evidence.

Accordingly, the judgment as to Fred C. DeChar, Tom Neenan, William J. Sklopan, Anthony R. Tock, Conrad Gitschier, James Rheam and Samuel B. Rheam will be vacated and the cause remanded for a trial de novo.